UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  NOT FOR PUBLICATION

KEITH BROWN,
                    Plaintiff,
    -against-  **MEMORANDUM AND ORDER**

CITY OF NEW YORK; POLICE DEPARTMENT,  17-CV-05835 (LDH)(LB)

                    Defendants.
----------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Keith Brown, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights during an arrest. The Court grants Plaintiff's request to proceed *in forma pauperis* and dismisses the claims against the City of New York and the New York City Police Department ("NYPD"), with leave to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND[1]

    Plaintiff, who is currently incarcerated at Orleans Correctional Facility, was arrested and detained on February 19, 2015 by "investigative police officers" of the NYPD as a suspect in an armed robbery of a Brooklyn family-owned grocery store. (Compl. at 2, ECF No. 2.) Plaintiff alleges that he was arrested "despite the collective credible testimony of numerous people whom had corroborated the presence of [his] wherabuts [sic] at the job site where [he] had been diligently working as a janitor for the duration of the entire time stated by the police officers of when the subject robbery had occurred." (*Id.* at 2–3.) In addition, "the police officers were

---

[1] The following facts are taken from the complaint. They are assumed to be true for the purpose of deciding the instant motion.

incumbent upon taking [him] into custody. (*Id.* at 3.) He was subsequently arraigned in the Supreme Court of New York, Kings County on multiple counts of robbery, menacing, and assault under indictment number 1411/2015. (*Id.* at 2.) Because Plaintiff was on parole for an unrelated offense, the arrest resulted in a violation of his parole and his current incarceration at Orleans Correctional Facility. (*Id.*) At some point, it appears that Plaintiff was "acquitted of all charges." (*Id.* at 3.) Plaintiff seeks twenty-five million dollars ($25,000,000) in damages for the alleged violation of his Fourth and Fourteenth Amendment rights. (*Id.*)

## STANDARD OF REVIEW

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also* 28 U.S.C. § 1915(e)(2)(B).

When a prisoner is proceeding pro se, the Court is required to read the complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant et al.*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, even a pro se complaint must plead "enough facts to state a claim to relief that is

2

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* The Federal Rules of Civil Procedure do not require "detailed factual allegations," but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## DISCUSSION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979). Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress.

42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) ("It is well-settled

3

in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006)).

The Court construes Plaintiff's complaint as alleging a false arrest claim[2] and/or a malicious prosecution claim.[3] To sustain a claim of false arrest, Plaintiff must adequately allege that (1) the Defendants intended to confine him, (2) he was conscious of the confinement, (3) he did not consent to the confinement, and (4) his confinement was not otherwise privileged. *Murchison-Allman v. City of New York*, No. 14-CV-2160, 2016 WL 1322445, at *3 (S.D.N.Y. Mar. 31, 2016). To sustain a claim of malicious prosecution Plaintiff must adequately allege: "(1) commencement of a criminal proceeding, (2) favorable termination of the proceeding, (3) lack of probable cause, and (4) institution of the proceedings with actual malice." *Swartz v. Insogna*, 704 F.3d 105, 111–12 (2d Cir. 2013). Additionally, for malicious prosecution "to be actionable under [S]ection 1983, there must be a post-arraignment seizure" that implicates "the Fourth Amendment's prohibition of unreasonable seizures." *Id.* at 112.

A cursory review of the complaint suggests that Plaintiff has not sufficiently alleged either a false arrest claim or malicious prosecution claim, pursuant to Section 1983. However, even if he had, for the reasons stated below, Plaintiff cannot otherwise sustain either claim against the City of New York or the NYPD. Plaintiff may file an amended complaint within thirty (30) days of this Order.

---

[2] *See e.g.*, Compl. at 2 (mentioning Plaintiff's "unlawful arrest and detention").
[3] *See e.g.*, Compl. at 2–3 (alleging that police officers were "incumbent upon taking [Plaintiff] into custody" despite the "collective credible testimony of numerous people" that he was elsewhere at the time of the crime).

### A. Defendants City of New York and NYPD are dismissed.

Plaintiff names the City of New York as a defendant to this lawsuit. Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under [S]ection 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff Brown has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. Accordingly, the § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Plaintiff also names the NYPD as a Defendant to this action. The NYPD is a non-suable agency of the City. *Jenkins v. City of New York*, No. 06-CV-0182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that

of any agency, except where otherwise provided by law.")); *Araujo v. City of New York*, No. 08-CV-3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010) (same). Therefore, the § 1983 claim against the NYPD is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

### B. Plaintiff may file an amended complaint within 30 days.

In light of Plaintiff's pro se status, Plaintiff is afforded thirty days to amend his complaint in order to include allegations that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights and/or name individual defendant(s). In doing so, Plaintiff shall provide notice of the claims as required by Fed. R. Civ. P. 8(a)(2) ("[A] complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). *See* Fed R. Civ. P. 15(a); *see e.g.*, *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated."); *see also Cruz v. Gomez*, 202 F. 3d 593 (2d. Cir. 2000) (permitting pro se plaintiff to amend the complaint prior to dismissal).

To the extent that Plaintiff may seek to pursue a Section 1983 claim against individual actors Plaintiff's amended complaint must name the individual defendants who are responsible for the alleged deprivation of his constitutional rights. If Plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that person and designate them as Jane Doe or John Doe, providing any identifying information available to him. And, he must state facts to support the allegation of a constitutional violation. Importantly, Plaintiff must demonstrate each defendant's direct or personal involvement in the actions that are alleged to

6

have caused the deprivation of his constitutional rights. *Farrell v. Burke*, 449 F.3d at 484. There must also be an allegation of "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

## CONCLUSION

Accordingly, Plaintiff's § 1983 complaint is dismissed against the City of New York and the New York City Police Department for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Clerk of Court is directed to amend the caption to reflect their dismissal.

In light of Plaintiff's pro se status, Plaintiff is granted thirty (30) days to amend his complaint. Should Plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. In the amended complaint, Plaintiff should include allegations that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights and/or name individual defendant(s), who have some personal involvement in the actions he alleges and provide the dates and locations for each relevant event. If Plaintiff does not know the names of the individuals, he may identify each of them as Jane Doe or John Doe. To the best of his ability, Plaintiff must describe each individual and the role she or he played in the alleged deprivation of his rights. Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in the

amended complaint any facts or claims that he wishes to pursue against proper defendants.  To aid Plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights (Prisoner)" form to Plaintiff.

Further, if Plaintiff fails to file an amended complaint or otherwise comply with this Order within the time allowed, the action shall be dismissed and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

Dated: Brooklyn, New York
      April 10, 2018

SO ORDERED:

    /s/LDH
LaSHANN DeARCY HALL
United States District Judge